INHABITANTS OF SEBEC *vs.* INHABITANTS OF FOXCROFT.

Penobscot. Decided May 4, 1877.

*Pauper.*

The Act of 1873, c. 119, declares "that to constitute pauper supplies, under the laws of this state, such supplies shall be applied for in case of all adult persons of sound mind, by such persons themselves, or by some person by them duly authorized; or such supplies shall be received by such persons, or by some person duly authorized by them, with a full knowledge that they are such supplies." *Held,* that the wife is a competent person to make application for supplies for herself and children, without previous authority from, or a subsequent ratification by, her husband.

ON EXCEPTIONS.

ASSUMPSIT. The verdict was for the plaintiffs; and the defendants alleged exceptions.

*A. M. Robinson,* with whom was *A. W. Paine,* for the defendants.

*C. A. Everett,* for the plaintiffs.

WALTON, J. This case is before the law court on exceptions. It is an action by the town of Sebec against the town of Foxcroft to recover for supplies furnished the family of one Peter Fern, then residing in Sebec, but whose settlement, it is admitted, was, at the time the supplies were furnished, in Foxcroft. The supplies were applied for by Mrs. Fern; and the presiding judge instructed the jury that if Fern and his wife were living together in their marital relations, she could not, during his temporary absence, and without his authority, apply to the overseers of the poor for relief, so as to bind the town; but he added that subsequent ratification would be equivalent to prior authority.

To the ruling that subsequent ratification would be equivalent to previous authority the defendants except.

We think the exceptions cannot be sustained. The ruling, as a whole, was more favorable to the defendants than they were entitled to. It required the plaintiffs to prove either previous authority or subsequent ratification. We think they were under no obligation to prove either. Neither the act of 1873, c. 119, (defining what shall constitute pauper supplies,) nor any other act, limits the right to apply to the overseers of the poor for relief for a suffering family to the husband alone. The wife is as likely to know what her own and her children's necessities are as the husband; and if an application for relief for herself and children is made by her in good faith, and the case is one of actual destitution and suffering, neither the want of previous authority from the husband, nor the absence of a subsequent ratification by him, will prevent the supplies furnished in pursuance of such application from being pauper supplies. In such a case the application is not made for the husband; it is made by a destitute mother, in behalf of herself and children; and such an application is not only within the letter of the act of 1873, but it is clearly within its spirit and intent. We agree with the learned counsel for the plaintiffs that it would be cruelly inconvenient if relief could not be furnished a starving and freezing family of innocent children, till the consent of an absent, or, it may be, a heartless father could be obtained.

The rulings excepted to were not independent rulings—they were modifications of a previous ruling—and, as the defendants were not entitled to the previous ruling, they could not be prejudiced by its modification. In its modified form it was more favorable to the defendants than they were entitled to.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.